IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, as subrogee and assignee of Alpine Bank, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:15-cv-00608 <br><br> District Judge: Milton I. Shadur <br><br> Magistrate Judge: Daniel G. Martin |
| Plaintiff, | | |
| vs. | | |
| IGNITION STUDIO, INC., | | |
| Defendant. | | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Defendant, IGNITION STUDIO, INC., by and through its attorneys, Scott A. Calkins of RENO & ZAHM LLP, and in support of Defendant's Motion to Dismiss filed contemporaneously herewith, submits this Memorandum of Law.

**Factual Background**

The Plaintiff, Travelers Casualty and Surety Company of America ("Plaintiff") as subrogee and assignee of its insured, Alpine Bank ("Alpine"), asserts claims against Defendant, Ignition Studio, Inc. ("Ignition") for negligence and breach of contract. The factual bases for the Plaintiff's claims, as set forth in the Complaint, are as follows:

Ignition and Alpine entered into a contract pursuant to which Ignition agreed to design and service Alpine's website. (Doc. 1, ¶¶ 2, 8). According to the Plaintiff, Ignition made certain errors with regard to its maintenance and servicing work, which allowed hackers to obtain illegal access to the website. (Doc. 1, ¶9). The illegal hacking of the website triggered an obligation on

1

the part of Alpine to notify bank customers of the unauthorized access to their private information and to take certain other steps required by privacy laws. (Doc. 1, ¶¶2, 11).

Alpine's costs incurred in complying with the applicable privacy laws was an insured loss under Alpine's policy of insurance with Plaintiff, and Plaintiff paid Alpine's costs pursuant to that insurance policy. (Doc. 1, ¶12). Plaintiff seeks to recover an amount equal to the costs incurred by Alpine in complying with its obligations under the applicable privacy laws in response to the illegal hacking incident. (Doc. 1, ¶¶ 2, 11, 12).

## LEGAL STANDARDS

### A.     Procedural Standard.

Ignition's Motion seeks dismissal of Count I of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Ignition seeks dismissal of Count II of the Complaint under Rule 12(b)(6). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558 (2007). To state a claim, a complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). In deciding a motion to dismiss, the court construes the allegations in the complaint in a light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank,* 633 F.3d 529, 533 (7th Cir.2011). The only "allegations that are entitled to the assumption of truth are those that are *factual*, rather than mere legal conclusions." *O'Gorman v. Chicago*, 848 F.Supp.2d 853, 857 (N.D.Ill, 2012).

B.  **Choice of Law.**

This Court's jurisdiction is pursuant to 28 U.S.C. §1332. Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014)(citations omitted). When no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law. *Id.* Ignition is not aware of any choice of law issues applicable to this proceeding, and contends that Illinois law applies.

### Argument

A.  **Plaintiff's Tort Claim is Barred by the Economic Loss Doctrine.**

Count I of Plaintiff's Complaint asserts a claim of negligence, and seeks to recover the costs incurred by Alpine in taking remedial measures in compliance with the applicable privacy laws following a hacker's gaining of unauthorized and illegal access to Alpine's website. (Doc. 1, ¶¶11-18). Under Illinois law, this claim is barred by the well-established economic loss doctrine and should therefore be dismissed.

The economic loss doctrine prohibits a party from using tort law to recover economic damages for contract-based claims. *Moorman Manufacturing Co. v. National Tank Co.,* 91 Ill.2d 69, 91–92, 435 N.E.2d 443, 453 (1982). In other words, the economic loss doctrine denies a tort remedy when the loss is rooted in disappointed contractual expectations. *Am. United Logistics, Inc. v. Catellus Dev. Corp.*, 319 F.3d 921, 926 (7th Cir. 2003).

Economic loss incurred as a result of services that were allegedly rendered negligently fall within the scope of the economic loss doctrine. *See e.g. Anderson Elec. v. Ledbetter Erection Corp.*, 115 Ill.2d 146, 503 N.E.2d 246 (1986)(negligence claim seeking economic damages against manufacturer of precipitator units who was to inspect installer's work barred);

*Donovan v. County of Lake*, 951 N.E.2d 1256, 1264 (Ill.App. 2nd Dist. 2011)(customers of water system operated by county barred from pursuing tort claim to recover economic damages allegedly caused by county's failure to properly maintain the water system); *Tolan and Son, Inc. v. KLLM Architects, Inc.*, 308 Ill.App.3d 18, 719 N.E.2d 288 (Ill.App. 1st Dist. 1999)(owner of townhome complex barred from pursuing tort claims to recover economic losses arising from architect and engineer's alleged failure to properly design and construct townhomes). In fact, the economic loss doctrine has recently been held to bar claims brought in connection with the negligent design and maintenance of a website. *Publications International v. Mindtree Limited*, 2014 WL 3687316 (N.D.Ill. July 24, 2014).

In *Publications*, the defendant was engaged to design and manage the plaintiff's website. After the website failed to function as specified in the agreement between the plaintiff and defendant, plaintiff brought suit seeking economic damages for, among other things, the plaintiff's alleged negligent performance of its work with respect to the website. *Id.* at **1-2. Upon defendant's motion to dismiss, the court dismissed plaintiff's tort-based claims holding that the economic loss doctrine barred those claims. *Id.* at *4.

Here, Plaintiff's negligence claim is founded upon a contract between Alpine and Ignition. According to Plaintiff's Complaint, Alpine "engaged Defendant to design, maintain and service a website ..." and Ignition "agreed to perform these services for [Alpine] for a fee." Doc. 1, ¶8). The damages incurred by Alpine are alleged to be the result of Ignition's "substandard work in servicing the website." (Doc. 1, ¶10).

The alleged damages incurred by Plaintiff's insured are purely economic. Plaintiff asserts that its alleged damages consist of the funds expended by Alpine "to notify bank

customers of the unauthorized access to their private information and to take other steps required by privacy laws." (Doc. 1, ¶11). These are quintessential economic losses.

As pled, Count I of the Complaint seeks a tort remedy for a purely economic loss rooted in disappointed contractual expectations. Count I is, therefore, barred by the economic loss doctrine and should be dismissed.

### B. Counts I and II of Plaintiff's Complaint are Duplicative.

It is well settled that duplicative counts in a complaint may properly be dismissed. *DeGeer v. Gillis*, 707 F.Supp.2d 784, 795 (N.D.Ill. 2010). A "count may be dismissed as duplicative of another where the parties, claims, facts and requested relief are substantially the same." *Lansing v. Carroll,* 2012 WL 4759241 (N.D.Ill. Oct. 5, 2012). The relevant inquiry is not whether the allegations are the same, but whether the claims are based on the same operative facts and the same injury. *DeGeer,* 707 F.Supp.2d at 796.

Counts I and II of Plaintiff's Complaint adopt and incorporate the same underlying facts. (Doc. 1, ¶¶13, 19). Both Counts request the same relief. (See Doc 1, ¶¶2, 12).

Plaintiff's negligence claim (Count I) is premised upon its assertion that Ignition breached "a duty of professional care in performing the website maintenance and servicing work that [Ignition] *was engaged to perform*." (Doc. 1, ¶¶16-27)(emphasis added). Likewise, Plaintiff's claim for breach of contract (Count II) is premised upon Plaintiff's assertion that Ignition breached "an implied term in the agreement between the parties that Defendant would perform the website maintenance and servicing work reasonably and within the standard of care applicable to companies engaging in the business of maintaining and servicing websites for banks." (Doc. 1, ¶¶21, 23).

A comparison of Counts I and II, reveals that Count II amounts to a re-statement of Count I couched under the heading of "breach of contract" as opposed to "negligence." The two claims are identical claims in virtually all respects, including the theory of liability (i.e. that Ignition breached a duty of care owed to Alpine). In the event that the Court denies Ignition's Motion to Dismiss as it relates to Count I of the Complaint, the duplicative nature of the claims warrants the dismissal of Count II of the Complaint. *See Nettleton v. Stogsdill*, 387 Ill.App.3d 743, 761, 899 N.E.2d 1252, 1268 (Ill.App. 2nd Dist 2008).

## Conclusion

For all of the above and foregoing reasons, Defendant, Ignition Studio, Inc., respectfully requests that this Court: (a) enter an Order dismissing Count I of Plaintiff's Complaint; or, in the alternative, (b) enter an Order dismissing Count II of Plaintiff's Complaint.

Dated this 6th day of March, 2015.

                                            IGNITION STUDIO, INC., Defendant,

                                            By: /s/ Scott A. Calkins
                                                  One of Its Attorneys

                                                  Scott A. Calkins (6285423)
                                                  Reno & Zahm LLP
                                                  2902 McFarland Rd., Ste. 400
                                                  Rockford, IL 61107
                                                  (815) 987-4050
                                                  sac@renozahm.com

CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that a copy of the foregoing was electronically served upon the registered CM/ECF users, and via U.S. Mail with postage fully prepaid, by depositing said envelope in a United States Post Office Mail Box in Rockford, Illinois upon any non-registered CM/ECF users in the above-entitled case on this 6th day of March, 2015.

              By: /s/ Scott A. Calkins
                 Scott A. Calkins